## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LEONARD RAFAEL,**

       Plaintiff,

vs.                                                Civ. No. 02-840 WJ/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure filed October 25, 2002. (Docket No.12)   The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken in part.

### PROPOSED FINDINGS

### I.  PROCEDURAL RECORD

    1.     Plaintiff Leonard Rafael filed an application for benefits on  April 3, 2000 alleging a disability since December 13, 1990, due to a back injury.  Tr. 50-59.  The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on May 31, 2001.  At the hearing, the Plaintiff

was represented by an attorney. On July 25, 2001, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant's diabetes mellitus, hypertension and chronic back pain consistent with degenerative joint disease are impairments that are severe; the severity of the claimant's impairments does not meet or equal a listed impairment; the claimant's allegations regarding his limitations are not totally credible; the claimant has a residual functional capacity for the performance of light work; the claimant is able to perform his past relevant work as a barber and potato sorter. Tr. 16-21.

     2.    Plaintiff was born in June of 1948 and attended school through the tenth grade. Tr. 257. Plaintiff trained as a barber and at one time had a barber's license. Plaintiff injured his back in 1990 and had back surgery in 1991. Tr. 259-60. Plaintiff stopped working in 1992.

     3.    The ALJ entered his decision on July 25, 2001. Thereafter, the Plaintiff filed a request for review. Tr. 7. On May 15, 2002 an Order of Appeals Council was entered making three exhibits part of the record. Tr. 7. The exhibits are a letter and brief from Plaintiff's counsel and medical records. On May 15, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on July 15, 2002.

## II.  STANDARD OF REVIEW

     4.    The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."

Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5.  In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

6.  At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience.  Id.

### III. DISCUSSION

7.  Plaintiff asserts that the ALJ erred in failing to provide reasons for rejecting probative evidence and erred in finding that the Plaintiff could perform his past work.

Evidence

8.     Plaintiff asserts that the ALJ did not review the evidence submitted by the Plaintiff after the hearing. The record shows that Plaintiff was granted an extension to submit additional evidence after the hearing. In a letter dated June 29, 2001, Plaintiff submitted the additional medical records. In his decision of July 25, 2001, the ALJ does not mention the additional records. However, on May 15, 2002, an Order of the Appeals Council makes these records a part of the record. When the claimant submits new evidence to the Appeals Council, the substantial evidence inquiry includes the new evidence. O'Dell v. Shalala, 44 F.3d 855, 858-59 (10th Cir. 1994). The Appeals Council specifically stated that it considered the additional evidence. 20 C.F.R. §404.970. Furthermore, contrary to Plaintiff's assertion, the Appeals Council is not required to provide an analysis of the evidence or the record as a whole. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992); Towenson by Mickeal v. Apfel, 16 F. Supp. 2d 1329, 1333 (D. Kan. 1998).

9.     The Secretary has designated Plaintiff's new evidence as part of the "evidence upon which the findings and decision complained of are based." 42 U.S.C. §405(g). Therefore the Court must consider whether there is substantial evidence to support the ALJ's decision in light of the new evidence. The new evidence supports the ALJ's decision. Some of the records are from Plaintiff's back surgery and follow up treatment in 1990. The ALJ noted that Plaintiff had a discectomy in 1991. Tr. 18. These records do not indicate any relevant abnormalities or limitations. The additional records also contain a medical assessment of Plaintiff's physical abilities by Dr. Tim. Garcia. Tr. 248-51. Dr. Tim. Garcia works at the Cuba Health Center. The treatment notes of the Center are included in the record. Tr. 107-126. These records contain two references to back pain and Plaintiff's need for medication refills. There are no diagnostic tests. This report is conclusory and

relies, for the most part, on Plaintiff's subjective complaints. The sole clinical finding is an x-ray take in June of 2000. Tr. 248. The "conclusion" from this x-ray was "mild degenerative endplate arthritis." Tr. 105. Dr. Garcia's conclusions are not supported by clinical and laboratory diagnostic techniques. Furthermore, his opinion is not consistent with the substantial evidence. Thus, the Commissioner cannot give controlling weight to Dr. Garcia's opinion. Castellano v. Secretary of HHS, 26 F. 3d 1027, 1029 (10th Cir. 1994); Social Security Ruling 96-2p ("...controlling weight may not be given to a treating sources' medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques....").

10. The ALJ relied on Dr. Richard Kozoll's examination of the Plaintiff in June of 2000. Tr. 18. Dr. Kozoll is a consultative physician. Plaintiff complained to him of left shoulder, left neck, left back and left leg pain and weakness since a 1991 injury. Dr. Kozoll concluded that Plaintiff's complaints are "poorly corroborated by musculoskeletal and neurological examination." Tr. 103. He found "no evidence of focal atrophy, weakness and reflex change..." Id. Dr. Kozoll found that Plaintiff had a full range of motion in all of his joints. Neurologic testing was inconsistent. Plaintiff had full strength on his right side and variable strength on his left. Plaintiff could bend, walk on his heels and toes and partially squat. He could rise from a squatting position without using his hands.

11. The ALJ also properly relied on the opinion of Dr. Rayle Romanik, a state agency consulting physician. Tr. 19; 20 C.F.R. §416.927(f). Dr. Romanik analyzed Plaintiff's medical records including Dr. Kozoll's report and Plaintiff's x-rays. Tr. 106. She noted that Plaintiff's x-rays contained little evidence of abnormalities and noted that if Plaintiff truly had leg weakness his muscles would have atrophied.

5

12.	Simply, Plaintiff's complaints of back pain and left-sided weakness are not supported by physical findings or limitations. And factors indicating disabling pain are not present. Espino v. Shalala, 900 F. Supp. 95, 100 (W.D. Tex. 1995)(Muscle atrophy, limitation in range of motion, weight loss or impairment of general nutrition, adverse neurological test results, noticeable swelling and muscle spasm are medical factors which indicate disabling pain).

ALJ's credibility determination.

13.	In reviewing Plaintiff's second argument, it appears that Plaintiff asserts that the ALJ did not properly evaluate Plaintiff's credibility.  The ALJ found that Plaintiff had a pain producing impairment but exaggerated the "degree of pain experience." Tr. 19.  The ALJ noted specific evidence in the record and considered the relevant factors. Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1993). The Plaintiff told Dr. Kozoll that he was unable to lift heavy loads. However, Plaintiff testified at the hearing that he carries water and wood. There was also testimony that the Plaintiff chopped wood with an axe. Tr. 277. Furthermore, at the hearing Plaintiff testified that he had pain in his right knee and could not walk for any length of time. The ALJ properly noted that Plaintiff had complaints regarding problems on his left side not his right. Tr. 19. As discussed above, Plaintiff's medical records did not contain any of the factors indicating disabling pain. An absence of the factors support the ALJ's conclusion that the Plaintiff does not have disabling pain. Ferguson v. Secretary of HHS, 919 F. Supp. 1012, 1021 (E.D. Tex. 1969); Kepler, 68 F.3d at 391(factors the ALJ should consider include "the consistency or compatibility of nonmedical testimony with objective medical evidence."). A determination that the Plaintiff lacks credibility because his testimony conflicts with the medical records is a proper basis for discounting the testimony. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).	14.	In conclusion, the Court notes a letter in the record.

In a letter dated December 7, 2000, counsel for Plaintiff wrote that the firm she was previously associated with was withdrawing from the case because "your claim is not sufficiently supported by the medical evidence."  Tr. 32.

## **RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure, filed, October 25, 2002 be DENIED.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**